FILED - GR
March 10, 2011 2:58 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald /____ SCANNED BY: AD 3-11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELE SMITH,

       Plaintiff,

v.

CAPITAL MANAGEMENT
SERVICES, LP,

       Defendant.
_____/

1:11-cv-236
Robert J. Jonker
U.S. District Judge

**Complaint**

**I.   Introduction**

1.    This is an action for damages, brought by a consumer against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L., § 339.901 *et seq.*

**II.   Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.    Plaintiff Michele Smith is an adult, natural person residing in Kent County, Michigan. Ms. Smith is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Smith is a "consumer," "debtor" and "person" as the terms are defined and used in

the MOC.

4. Defendant Capital Management Services, LP ("CMS") is a Delaware limited partnership, doing business at 726 Exchange Street, Suite 700, Buffalo, New York 14210. The registered agent for CMS in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. CMS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. CMS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CMS is a "debt collector" as the term is defined and used in the FDCPA. CMS is licensed (Nos. 2401002104, 2401002105 and 2401002106) by the State of Michigan to collect consumer debts in Michigan. CMS is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

### IV. Facts

5. Ms. Smith had a credit account with Capital One which she used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

6. Ms. Smith had a dispute with the original creditor and refused to pay the alleged debt.

7. Ms. Smith continues to dispute the alleged debt.

8. Ms. Smith continues to refuse to pay the alleged debt.

9. The original creditor or a successor in interest hired CMS to collect the alleged debt from Ms. Smith.

10. Alternatively, CMS or a related entity purchased the alleged debt after the account

allegedly was in default.

11. Ms. Smith resides with her parents in Kent County, Michigan.

12. In or about December 2010 or January 2011, a CMS employee identified as "Rachel" twice telephoned a number belonging to Ms. Smith's parents and twice spoke with Ms. Smith's mother. The CMS employee twice asked Ms. Smith's mother to deliver a message to Ms. Smith, requesting that Ms. Smith telephone the CMS employee at (800) 457-8105.

13. In or about December 2010 or January 2011, a CMS employee identified as "Rachel" telephoned a number belonging to Ms. Smith's parents multiple times and left multiple recorded messages on Ms. Smith's parents' telephone answering machine, stating that CMS and its employee were calling in efforts to collect a debt from Ms. Smith and asking Ms. Smith to call CMS at (800) 457-8105 regarding Reference Number 65336622.

14. Each message left by CMS on Ms. Smith's parents' telephone answering machine was heard by Ms. Smith's parents.

15. Each message left by CMS on Ms. Smith's parents' telephone answering machine was a "communication" as the term is defined and used in the FDCPA.

16. CMS did not obtain the prior consent of Ms. Smith to communicate with her parents in connection with the collection of the alleged debt.

17. Ms. Smith has never given CMS permission to speak with her parents regarding the alleged debt.

18. CMS and its employee continued to telephone a number belonging to Ms. Smith's parents and leave recorded messages on Ms. Smith's parents' telephone answering machine, stating that CMS and its employee were calling in efforts to collect a debt from Ms.

Smith and asking Ms. Smith to call CMS at (800) 457-8105 regarding Reference Number 65336622, even after CMS had knowledge that the telephone number it was calling was being answered by Ms. Smith's mother.

19. When CMS telephoned Ms. Smith's parents and left messages on Ms. Smith's parents telephone answering machine, CMS knew from its own records that the telephone number CMS had called belonged to Ms. Smith's parents.

20. CMS and its employee continued to telephone a number belonging to Ms. Smith's parents and leave recorded messages, even though CMS and its employee already had actual knowledge of Ms. Smith's cellular telephone number.

21. CMS and its employee continued to telephone a number belonging to Ms. Smith's parents and leave recorded messages, even after CMS and its employee had communicated with Ms. Smith on her cellular telephone number.

22. CMS and its employee continued to telephone a number belonging to Ms. Smith's parents and leave recorded messages, even after CMS and its employee had telephoned Ms. Smith's cellular telephone number and left messages for Ms. Smith.

23. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

24. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

25. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such

consumer owes any debt. 15 U.S.C. § 1692b(2).

26. CMS left messages on the answering machine belonging to Ms. Smith's parents which did more than request location information. Specifically, CMS and its employee in the recorded messages left on the telephone answering machine belonging to Ms. Smith's parents stated that CMS was attempting to collect a debt from Ms. Smith.

27. The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

28. CMS disclosed the name of its company in the messages CMS left on the telephone answering machine belonging to Ms. Smith's parents, without an express request for such information, thereby violating the FDCPA.

29. Nothing in the law entitled CMS to leave a recorded message for Ms. Smith on a telephone answering machine.

30. Nothing in the law entitled CMS to leave a recorded message for Ms. Smith on a telephone answering machine when the message might be heard by someone other than Ms. Smith.

31. CMS could have used other methods to communicate with Ms. Smith.

32. CMS could have chosen to communicate with Ms. Smith by postal mail.

33. CMS could have chosen to communicate with Ms. Smith by speaking directly to Ms. Smith by telephone.

34. CMS could have chosen not to leave a recorded message for Ms. Smith on a telephone answering machine.

35. CMS violated 15 U.S.C. § 1692c(b) by leaving a recorded message on an answering machine, which communicated to Ms. Smith's parents that CMS was attempting to collect an alleged debt from Ms. Smith. *Berg v. Merchants Association Collection Division, Inc.*, 586 F.Supp. 1336 (S.D. Fla. 2008).

36. CMS is a member of ACA International ("ACA").

37. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), CMS has been a member of ACA since 2006.

38. ACA has sent its members, including CMS, multiple advisories, warning about the risks associated with violating the FDCPA by leaving a message on an answering machine or voice mail, resulting in an unlawful disclosure to a third party that a consumer allegedly owes a debt.

39. CMS knowingly assumed the risk of violating the FDCPA by leaving a message on an answering machines or voice mail, stating that CMS was calling to collect a debt, and knowing that the message might be heard by someone other than the consumer or the consumer's spouse.

40. The CMS employee who spoke with Ms. Smith's mother communicated with Ms. Smith's mother for a purpose that went beyond the acquisition of location information.

41. The CMS employee unlawfully instructed Ms. Smith's mother to deliver a message to Ms. Smith.

42. The CMS employee who spoke with Ms. Smith's mother communicated information regarding the debt to Ms. Smith's mother.

43. The CMS employee who spoke with Ms. Smith's mother communicated

information to Ms. Smith's mother which was beyond what is allowed by a debt collector seeking location information.

44. The CMS employee communicated with Ms. Smith's mother for a purpose other than to acquire location information regarding Ms. Smith. Specifically, CMS and its employee wrongfully turned Ms. Smith's mother into a *de facto* debt collector for CMS by causing Ms. Smith's mother to deliver a message to Ms. Smith in an effort to collect a debt, and in violation of the FDCPA, 15 U.S.C. § 1692b and 15 U.S.C. § 1692c(b).

45. The CMS employee failed to state to Ms. Smith's mother that the purpose of the communication with Ms. Smith's mother was for acquisition, confirmation and/or correction of location information about Ms. Smith.

46. The FDCPA states that a debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information. 15 U.S.C. § 1692b(3).

47. CMS and its employee communicated with Ms. Smith's parents multiple times, violating the FDCPA, 15 U.S.C. § 1692b(3).

48. The CMS employee intended to speak the words she spoke when leaving the above-described messages on a telephone answering machine or voice mail for Ms. Smith in connection with efforts to collect a debt from Ms. Smith.

49. The CMS employee intended to speak the words she spoke to Ms. Smith's mother

7

in connection with efforts to collect a debt from Ms. Smith.

50. The acts and omissions of CMS and its employees done in connection with efforts to collect a debt from Ms. Smith were done intentionally and wilfully.

51. CMS and its employees intentionally and wilfully violated the FDCPA and MOC.

52. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

53. Plaintiff incorporates the foregoing paragraphs by reference.

54. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692b;

   b) Defendant violated 15 U.S.C. § 1692c;

   c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means

to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

55. Plaintiff incorporates the foregoing paragraphs by reference.

56. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that a consumer is a debtor;

b) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive and abusive method to collect a debt;

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

d) Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: March 10, 2011

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com